

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

SLT:UAD
F.# 2010R01661/NY-NYE-648Z
F.# 2011R00272/NY-NYE-670Z

April 2, 2013

By ECF and Hand Delivery

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Ibrahim Kurti
Criminal Docket No. 11-486 (DLI)

Dear Judge Irizarry:

The government respectfully submits this letter in response to the defendant's motion to dismiss the indictment based on a violation of his right to a speedy trial. For the reasons below, the defendant's motion is without merit and should be denied.

I. Background

The defendant was arraigned in the instant case on or about September 7, 2011, and has been charged with conspiracy to import marijuana and conspiracy to distribute and possess with intent to distribute marijuana. At the time of his arrest, the defendant was incarcerated after having been convicted in the Southern District of New York ("SDNY") on narcotics distribution charges and sentenced on April 20, 2004 to 276 months' imprisonment.

At a status conference on September 7, 2011, the Court designated the case as complex based on the number of defendants — fifty-six — and the volume and nature of discovery involved. See Transcript of September 7, 2011, 10 a.m. status conference, attached hereto as Exhibit A, 12:21-25, 13:1-5, 38:24-25, 39:1-2. This designation has since served as a basis for excluding speedy trial time for all defendants pursuant to 18 U.S.C. § 3161(7)(B)(ii).

At a status conference on September 8, 2011, the defendant informed the Court that he objected to any exclusions of speedy trial time. He further moved to sever his case from that of the other defendants and for a speedy trial. The defendant's motions were denied. In denying the speedy trial motion, the Court noted that it had previously designated the case as complex based on (1) the "very complicated and very extensive" nature of the evidence, which consisted of, among other things, wiretap evidence, consensual recordings, video recordings, telephone records and computer data, (2) logistical difficulties the government faced in obtaining certain evidence from other districts and (3) the large number of defendants. See Transcript of September 8, 2011 status conference, attached hereto as Exhibit B, 9:22-25, 10:1-7, 11:25, 12:1-6, 16:1-11. With regard to the motion for severance, the Court denied it without prejudice as premature. Id. at 23:3-11.

At a status conference on December 8, 2011, the defendant again objected to any exclusions of time and filed a pro se motion to dismiss the indictment based on a violation of his speedy trial rights and on double jeopardy grounds.[1] The Court overruled the defendant's objection to the exclusion of time, reiterating that the Court had made a finding that the case was complex and that exclusion of speedy trial time was warranted. See Transcript of December 8, 2011 status conference, attached hereto as Exhibit C, 5:17-25, 6, 7:1-22. The Court further denied the motion to dismiss with respect to the double jeopardy argument but reserved decision with respect to the speedy trial argument. Id. at 15:1-10.

## II. Legal Standard

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. In determining whether there has been a Constitutional violation of a defendant's Speedy Trial rights, courts consider four factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right to speedy trial and (4) the prejudice cased by the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972).

---

[1] The defendant based his double jeopardy argument on the fact that he was previously prosecuted on narcotics-related charges in the SDNY. The government represented at oral argument that the instant charges post-dated the activities underlying the SDNY prosecution.

Congress also provided a statutory right to a speedy trial in enacting the Speedy Trial Act of 1974, which is codified at 18 U.S.C. §§ 3161-3174. Under the Speedy Trial Act, trial must commence within 70 days of the filing of an indictment or information. 18 U.S.C. § 3161(c)(1). The Act also provides for various grounds for excluding periods of delay from the 70 days, including where there is a finding that the "ends of justice" are served by such exclusion, such as where "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of a novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within [the 70-day period.]" 18 U.S.C. § 3161(7)(A) & (B)(ii).

## III. Argument

### A. The Defendant's Statutory Speedy Trial Right Has Not Been Violated

As an initial matter, the defendant's statutory right to a speedy trial has not been violated because in cases involving multiple defendants, the speedy trial clock begins to run "on the date of the commencement of the speedy trial clock of the most recently added defendant." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983). Here, the last defendant to be added to the case is Hamza Hamideh, who was arraigned on his charges on February 28, 2013. Accordingly, the speedy trial clock for this case began to run on that date, and even assuming time was not properly excluded since then, only thirty-three of the allowable seventy days has run.

Moreover, and assuming arguendo that the speedy trial clock began to run on the date of the defendant's arraignment, the defendant's statutory right to a speedy trial has not been violated because the Court properly found that pre-trial delay in this case was excludable from the 70-day speedy trial clock due to the complexity of this case. As the government represented in its letter dated July 13, 2011, the government's evidence in this case consists of approximately fourteen months of wire and electronic communications on more than thirty telephones from various locations in the United States. Additionally, discovery involves hundreds of hours of video and audio recordings, evidence from more than two dozen seizures of narcotics and narcotics-related proceeds, and evidence from the forensic examinations of numerous digital devices. Based on the volume and complexity of the evidence, coupled with the complicated nature of the charges against the fifty-six involved defendants, there was ample basis for the Court's finding that this case was

"so unusual" and "so complex" that the ends of justice warranted an exclusion of speedy trial time. See United States v. Hernandez, 862 F.2d 17, 24 (2d Cir. 1988) (upholding designation of nineteen defendant case as complex); United States v. Gallo, 653 F. Supp. 320, 342 (E.D.N.Y. 1986) (finding "ends of justice" continuance warranted in case involving sixteen defendants, over one thousand hours of wiretaps, and numerous motions). Accordingly, the defendant's arguments that his statutory right to a speedy trial has been violated are without merit.

B. The Defendant's Constitutional Speedy Trial Right Has Not Been Violated

Based on application of the Barker factors, the defendant's right to a speedy trial under the Sixth Amendment of the Constitution was not violated. With regard to the first factor, the length of delay, the defendant must first show that the length delay is "presumptively prejudicial." Doggett v. United States, 505 U.S. 647, 651-52 (1992). The defendant's claim fails if the government has "prosecuted his case with customary promptness," and there is no reason to analyze any of the other Barker factors. Id. at 651-52. Courts have not determined what length of time is presumptively prejudicial. United States v. Vassell, 970 F.2d 1162, 1164 (2d Cir. 1992). However, the inquiry must take into account the "peculiar circumstances of the case." Barker, 407 U.S. at 530-31.

Here, the defendant was arraigned on September 7, 2011, approximately nineteen months ago. The time since the defendant's arraignment has been spent gathering the voluminous and complicated discovery, providing discovery to each of the fifty-six defendants and their counsel, meeting with defendants who wish to cooperate in the government's investigation, and facilitating global plea negotiations with the parties. Moreover, this case has involved extensive pretrial litigation regarding the issue of detention, which litigation has involved dozens of detention hearings and one appeal to the Second Circuit. In light of these facts, and given the circumstances specific to this case, the nineteen month delay cannot be described as presumptively prejudicial.

Even assuming that a period of delay of nineteen months amounts to presumptively prejudicial delay, however, the defendant's claim fails on the other Barker factors. With regard to the second Barker factor, the reason for the delay, courts look to whether there was a deliberate attempt to delay, whether there is a neutral reason for the delay or whether there is a valid reason for the delay. Barker, 407 U.S. at 531. Neutral

reasons include negligence and court overcrowding and, while more understandable than deliberate delay, must nonetheless be construed against the government. Id. Valid reasons, such as time needed to collect witnesses against the defendants, serves to "justify appropriate delay." Id.; Doggett, 505 U.S. at 656. Here, the defendant does not point to any delay that resulted from negligence or any other neutral reason much less to inexcusable and deliberate delay. Indeed, any pretrial delay in this case has been justifiable and caused by the sheer complexity of the case. The government first began producing discovery in this case on September 1, 2011, before the defendant was arraigned. Over the course of the following year, it produced five additional rounds of group discovery as well as individual discovery as to each defendant. In addition, the government began plea negotiations in this case soon after the defendant's arraignment in September 2011 and began sending written plea offers to defendants in October 2011. In short, given the circumstances of this case, the government has prosecuted this case promptly and expeditiously, and any pretrial delay is justifiable and does not serve as grounds for dismissing the indictment against the defendant.

Finally, the defendant's speedy trial must fail because he cannot satisfy the fourth Barker factor: a showing of prejudice. The Barker court recognized various bases for finding prejudice, including (i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused and (iii) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532. The defendant cannot make such a showing of prejudice. As an initial matter, the defendant has been incarcerated in connection with a separate narcotics conviction since October 2002 and is serving a twenty-three year sentence. There can be no argument that his pretrial detention in this case amounts to oppressive pretrial incarceration, given that he would be incarcerated irrespective of the instant case. With regard to the other bases of finding prejudice, the defendant has not articulated, and the government is not aware of, any anxiety or concern caused by the pretrial delay or any impairment of the defendant's defense strategy. Accordingly, the defendant cannot make a showing of prejudice and his Sixth Amendment speedy trial claim must fail.

IV. Conclusion

For the reasons set forth above, the defendant’s motion to dismiss based on a violation of his speedy trial rights should be denied.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Una A. Dean
Assistant U.S. Attorney
(718) 254-6473

cc: All Counsel (By ECF)
Clerk of Court (DLI) (By ECF)