# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

September 19, 2013

BY HAND DELIVERY AND ECF

The Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

**United States v. Ibrahim Kurti**
**11 CR 00486 (DLI)**

Dear Judge Irizarry:

We write regarding our client, Ibrahim Kurti, who is scheduled to be sentenced by Your Honor on October 3, 2013. On May 14, 2013, pursuant to a plea agreement with the Government, Mr. Kurti pled guilty before Magistrate Judge Azrack to a misdemeanor in violation of 21 U.S.C. § 841(e)(4) for telling his brother where he could go to get a small amount of marijuana, for which he received no remuneration.[1] The Government agreed as part of the plea agreement that it would not oppose a sentence of probation or that Mr. Kurti's sentence be served concurrently. It has also agreed to move to dismiss the open count in the superseding indictment.[2]

The Probation Department calculates Mr. Kurti's total offense level under the Federal Sentencing Guidelines to be zero, after taking into consideration the Government's request for a two point reduction for a "global disposition." PSR ¶ 157.

The Government's agreement to accept a misdemeanor plea with the resulting offense level of zero, coupled with its agreement not to oppose a sentence of probation or a concurrent sentence is confirmation of Mr. Kurti's negligible role in the multi-defendant conspiracy with which he was initially charged. We respectfully submit that no additional imprisonment is warranted in light of: *i)* Mr. Kurti's personal history and circumstances; *ii)* his complete acceptance of responsibility; and *iii)* the Government's

---

[1] 21 U.S.C. § 841(e)(4) is a lesser included offense under Count Three of the superseding indictment.

[2] Mr. Kurti was also charged in Count Two of the superseding indictment, conspiracy to import marijuana under 21 U.S.C. §§ 952, 960.

Hon. Dora L. Irizarry                           2                    September 19, 2013

agreement that no additional imprisonment is necessary. If however, Your Honor decides that a term of imprisonment is appropriate, we respectfully request that the Court order such a sentence to be served concurrently with the undischarged term of imprisonment for his prior conviction, which would be sufficient but not greater than necessary to comply with the sentencing objectives set forth in 18 U.S.C. § 3553(a).

**I.      Personal History**

Mr. Kurti was born in 1973 and raised in New York City. His parents, who have been married for over 40 years, immigrated to the United States from Kosovo in the late 1960s. Ibrahim had four older brothers and a sister, one of whom passed away in 2001. From the ages of 16 to 20, Mr. Kurti lived in Kosovo where he worked on the family farm and finished high school. It was during this time that the Balkan wars began the dissolution of Yugoslavia.

In 1992, the Serbian Army came to the farm to arrest Mr. Kurti, who had been denounced by locals as "the American" and "pro-Albanian." Mr. Kurti escaped while the army stormed the family's house. He was apprehended the next day in the nearby city of Gjakove, and taken to military barracks, where he was severely beaten and interrogated. After a week, he was able to convince his captors to release him near his family's house so that he could go and retrieve a gun they believed he had hidden there. He arrived at the family house, beaten and bloodied, and was able to escape through the forest with the aid of cousins, who helped him get to Belgrade, and to the U.S. Embassy. Mr. Kurti's father was notified, arrived two days later, and brought Mr. Kurti home to New York. He was twenty years old.

Back in New York, Mr. Kurti worked at various jobs, but struggled with undiagnosed post-traumatic stress disorder, and was in and out of jail. He abused drugs and alcohol and eventually began distributing ecstasy and marijuana. In 2002, he was arrested and later convicted of conspiracy to distribute and possession with intent to distribute both drugs. He ultimately was sentenced to 276 months. According to a letter from Mr. Kurti's mother, when Mr. Kurti was arrested "he was a confused young man, suffering from the sickness of drug and alcohol addiction, as well as suffering mental disorders that were brought on by his horrific experiences in Kosovo when he was held captive and tortured by war criminals." (Exhibit A.)

Mr. Kurti has struggled to overcome the trauma he suffered in Kosovo. Recent medical records (attached as Exhibit B), from the summer of 2011, document the continuing mental health issues related to his past. Doctors have prescribed Risperidone, an anti-psychotic medication, and Mirtazapine, an anti-depressant, to help him deal with the nightmares, paranoia, and anxiety he still experiences. He regularly sees a psychiatrist at MDC-Brooklyn. We urge the Court to take Mr. Kurti's mental health background and struggles into account in fixing an appropriate sentence.

Despite these difficulties, Mr. Kurti has made extensive efforts to address his issues, and prepare himself for a productive future. Since his imprisonment on this case, Mr. Kurti has earned a General Equivalency Development Diploma. He has completed a 30 hour Drug Abuse Education Program and a Non-Residential Drug Program. He completed ten modules of the ACE Smart Money Program, and received Certificates of Achievement for completing an eight week course in "Doing Time With A Right Mind", a 120 hour course in Modern Residential Wiring, a 120 hour course in Food Preparation, a 30 hour course in Career Planning, a 20 hour course in Money Matters, a 20 hour course for a Commercial Drivers License, and a National Federation of Professional Trainers Certificate for Advanced Sports Nutrition. More recently, at FCI-Otisville, Mr. Kurti completed a second semester in college through Ashworth College, and achieved a 3.6 grade point average. *See* Exhibit C. His third semester was interrupted when he was transferred to MDC-Brooklyn. Clearly, Mr. Kurti envisions a life outside of prison, and plans to be ready when that day arrives.

Mr. Kurti has the support of his parents and extended family. Attached as Exhibit A are six letters from his family, filed recently in his resentencing in his prior conviction, affirming their support. The first three letters are from Mr. Kurti's nieces, all daughters of Mr. Kurti's brother, Isen, who died in the late 1990s. The fourth letter is from Alena Hakanjin, a cousin of Mr. Kurti. The fifth letter is from Mr. Kurti's sister-in-law, the wife of his late brother Isen. The letters emphasize the important role Mr. Kurti played in his nieces and sister-in-law's lives after Isen passed away. Indeed, despite his difficulties, Mr. Kurti has developed a remarkably strong relationship with his nieces, who consider him "like a father." His niece, Elizabeta, hopes Mr. Kurti will be able to walk her down the aisle some day. The sixth letter is from Mr. Kurti's parents, who are elderly and in ill health, and hope to see their son come home. Mr. Kurti is also devoted to his 11 year old daughter with his long-time significant other, Jamal Cabrera. According to Mr. Kurti's mother, his daughter "desperately needs to have her father home to watch her grow and to be a physical presence in her life." Mr. Kurti and Ms. Cabrera intend to marry when Mr. Kurti is released from prison.

## II. The Offense Conduct

As acknowledged in his plea allocution, Mr. Kurti's only role in the instant offense was the single occasion in which, for no remuneration, he informed his brother Hasan Kurti where he could go to obtain a small amount of marijuana---a misdemeanor. From the beginning of this case, Mr. Kurti has vigorously denied that he had a role in the massive drug distribution conspiracy alleged in the indictment and pressed for an immediate trial. Mr. Kurti's plea agreement was part of a global disposition, pursuant to which the favorable plea offers made to Mr. Kurti's family members were contingent on Mr. Kurti also agreeing to plead guilty. Mr. Kurti has acknowledged his conduct and pled guilty to a misdemeanor offense in violation of 21 U.S.C. 844(e)(4).

Hon. Dora L. Irizarry                               4                        September 19, 2013

The charges against Mr. Kurti in this case are specifically limited to conduct that occurred subsequent to Mr. Kurti's previous conviction, as AUSA Steven Tiscione acknowledged in court on December 8, 2011 in response to Ibrahim Kurti's motion to dismiss the indictment on double jeopardy grounds. Despite the lengthy recitation of the offense conduct in the PSR, there are no allegations that Mr. Kurti was involved in any drug trafficking activity during the period identified by AUSA Tiscione.

There is also no evidence and there are no allegations that Mr. Kurti's role in the charged offense was anything more substantial than the offense to which he allocuted. Indeed, AUSA Tiscione's recent letter to advise the Probation Department of the government's proposed corrections to the PSR acknowledges that "there is no evidence suggesting that [Ibrahim Kurti] worked . . . in the drug trafficking business subsequent to the defendant's incarceration in the Southern District of New York case in 2004." (Exhibit D.)

### III.   Mr. Kurti's Offense Level of Zero

The U.S. Probation Department filed a Presentence Investigation Report on August 14, 2013 and filed an Addendum to the Presentence Report on September 4, 2013. The final offense level calculated for Mr. Kurti's conduct is zero—an offense level which is less than the lowest offense level on the Federal Sentencing Table, and for which the Guideline range is zero to six months.

Mr. Kurti's offense level is also less than the offense levels included in Zone A of the Sentencing Table, a zone for which a sentence of imprisonment is not required. Indeed, as part of Mr. Kurti's Plea Agreement, the Government agreed that additional imprisonment is unnecessary, as evidenced by its agreement that it would not oppose a probationary sentence, or the imposition of a sentence concurrent with the undischarged term of imprisonment already being served by Mr. Kurti for his prior federal conviction. *See* PSR ¶¶ 157; Ibrahim Kurti Plea Agreement ¶ 5.

### IV.   An Additional Sentence of Imprisonment is Unnecessary to Serve the Objectives of Sentencing

As Your Honor well knows, after *United States v. Booker*, 543 U.S. 220 (2005), the U.S. Sentencing Guidelines are no longer binding and are but only one of several factors set forth in 18 U.S.C. § 3553(a) that a sentencing court is to consider in determining what sentence is "sufficient but not greater than necessary to comply with the purposes" of sentencing. *See also United States v. Crosby*, 397 F.3d 103, 111 (2d Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). Such purposes include:

Hon. Dora L. Irizarry                               5                        September 19, 2013

> A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> B)   to afford adequate deterrence to criminal conduct;
>
> C)   to protect the public from further crimes of the defendant; and
>
> D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

To arrive at such a sentence, the Court is further directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established in the Sentencing Guidelines; (4) policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(3)-(7).

    A.    Application of 18 U.S.C. § 3553(a) Factors.

We submit that no additional imprisonment is warranted in this case. First, while we do not wish to diminish the offense, the seriousness of Mr. Kurti's charged conduct militates against the imposition of additional time. Although Mr. Kurti has admitted to telling his brother where he could go to get a small amount of marijuana for no remuneration, Mr. Kurti was uninvolved in the drug trafficking conspiracy charged in the superseding indictment.[3] As reflected in AUSA Tiscione's letter to Probation, the Government does not dispute that Mr. Kurti had no other role in the charged conspiracy. (Exhibit D).

Second, a probationary or concurrent sentence would be sufficient to achieve all of the purposes of sentencing, including providing sufficient punishment and deterrence to Mr. Kurti, while protecting the public from any additional crimes because Mr. Kurti is already serving a 276 month sentence. *See* 18 U.S.C. § 3553(a)(2). Considering the length of the sentence that Mr. Kurti is already serving, further imprisonment is not required to achieve the requisite level of punishment and deterrence.

As evidenced by the letters submitted by various family members, Mr. Kurti is, by all accounts, a caring father and supportive family member. His family is eager to welcome him home. He has also made tremendous strides during his period of

---

[3] The PSR contends that Mr. Kurti directed his brother to a marijuana trafficker, but points to no specific facts in support of this contention. *See* PSR ¶¶ 47, 81.

incarceration overcoming the severe psychological trauma he suffered from his experience in Kosovo and has taken advantage of educational opportunities available to prepare himself for a productive life when he is released.

All of these facts are relevant to this Court's consideration of the history and characteristics of the offender. *See* 18 U.S.C. § 3553(a)(1).

### B. An Upward Departure is Unwarranted

There is simply no evidentiary basis to support the Probation Office's recommended upward departure to a 12 month sentence, to be served consecutively. That recommendation appears to be based on the Probation Office's mistaken belief in *i*) "the seriousness of the charges" and *ii*) "the defendant's ability to provide immediate contact with a significant drug trafficker, although he had been in custody for approximately 8 years at the time." Recommendation at 2 and PSR ¶ 158. Neither ground supports an upward departure.

First, there is no evidence that Mr. Kurti's conduct was more serious than the offense to which he pled guilty. Mr. Kurti was fully prepared to go to trial on the felony counts contained in the indictment. The fact that the Government agreed to a misdemeanor plea with a guideline range of zero and further agreed that it would not oppose Mr. Kurti's request that any sentence be served concurrently or make a motion for an upward departure is a clear indication of Mr. Kurti's limited role in the instant offense.

Second, there is also no factual basis for the assertion that Mr. Kurti provided "immediate" contact with a "drug trafficker", let alone a "significant" one. There is no evidence to support: *i*) a characterization of any contact as "immediate;" *ii*) the inference *that any connection actually resulted from Mr. Kurti's provision of a contact*; *iii*) the PSR's characterization of the contact as a "marijuana trafficker"; or *iv*) that the contact in question was "significant" in any way whatsoever. As noted, it is not even alleged that Hasan Kurti pursued the contact.

Furthermore, that the conduct in question occurred while Mr. Kurti was in custody is already factored into the calculation of his criminal history score. As noted in the PSR, an additional two points were added to Mr. Kurti's criminal history score pursuant to USSG §4A1.1(d). PSR ¶¶ 116. To increase his sentence on that basis is unfair because to do so would penalize him twice for the fact that the offense was committed while he was in custody.

### V. Conclusion

This case is unique. It is not often that the Government agrees to a misdemeanor plea with a resulting guideline range of zero. And it is even more unusual that, despite

Hon. Dora L. Irizarry 7 September 19, 2013

the serious charges in the indictment, the Government subsequently acknowledges that there is "no evidence" that Mr. Kurti worked in the drug trafficking business charged in the indictment during the applicable time period. Under these circumstances, together with the other reasons discussed above, we respectfully submit that a probationary or concurrent sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing.

                                  Respectfully submitted,

                                  Matthew E. Fishbein
                                Sean Hecker
                                Anna A. Moody

cc:    AUSA Steven L. Tiscione (by ECF)
        AUSA Gina M. Parlovecchio (by ECF)
        AUSA Una A. Dean (by ECF)
        United States Probation Officer Mary Ann Betts (by Hand)