

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East

Brooklyn, N.Y. 11201

August 28, 2013

**By Email**
Mary Ann Betts
United States Probation Officer
Eastern District of New York

      Re:  United States v. Ibrahim Kurti
           Criminal Docket No. 11-486 (DLI)

Dear Officer Betts:

      The government respectfully submits this letter pursuant to Fed. R. Crim. P. 32(f) to advise the Probation Department of the government's proposed corrections in the Presentence Investigation Report ("PSR") that was disclosed on August 14, 2013 for the above-referenced defendant, who is scheduled to be sentenced on October 3, 2013. The government also addresses below the defendant's objections to the PSR.

      With respect to the list of related co-defendants pending trial before the Honorable Dora L. Irizarry (PSR page 3), since preparation of the PSR, there are no further co-defendants pending trial before the Court, and Nicholas Masi should be included among the co-defendants pending sentencing before the Court. Since the preparation of the PSR, the following defendants have been sentenced (PSR page 3): (1) defendant Faik Mehmeti was sentenced to 63 months' custody and 3 years' supervised release; (2) defendant Alberto Mercado was sentenced to 102 months' custody and 3 years' supervised release; (3) defendant Nef Mehovic was sentenced to 30 months' custody and 3 years' supervised release; and (4) defendant Al Karaqi was sentenced to 3 years' probation.

      With respect to the objections made by the defendant in his letter dated August 28, 2013, the government does not dispute the objections made by the defendant with respect to paragraphs 127, 132 and 157.

      The government contends that the majority of the factual recitation contained in paragraph 10 of the PSR is correct, with the exception of two corrections. First, the defendant was not a "worker" for Arif Kurti – they were partners in the drug trafficking business. Second, the government agrees with defense counsel that there is no evidence suggesting that the defendant worked with Arif Kurti in the drug trafficking business subsequent to the defendant's incarceration in the Southern District of New York case in 2004. The government

further agrees with defense counsel that the information discussed in paragraph 10 relates to the conduct charged in the defendant's Southern District of New York case, not his involvement in the instant case.

As to the defendant's objections to paragraphs 12, the description is inaccurate in several respects. First, Hasan Kurti became re-involved with marijuana distribution after returning from living in Kosovo, not while living in Kosovo. In addition, Hasan Kurti began working with Enis Djurkovic on his own, not at the recommendation or behest of the defendant. The defendant's only involvement, if any, was that Hasan Kurti and Enis Djurkovic traveled to the Akweasasne Native American Reservation to meet with a marijuana transporter that had previously worked with the defendant. During that meeting, Hasan Kurti vouched for Enis Djurkovic and used the defendant's name to vouch for Djurkovic to the marijuana transporter. The government is not in a position to prove whether or not the defendant actually gave Hasan Kurti prior permission to use his name. That marijuana transporter subsequently provided multiple shipments of marijuana to Enis Djurkovic and Hasan Kurti. There is no evidence that the defendant was involved in those transactions in any respect.

The defendant also objects to the statement in the PSR that he was intercepted on a recording discussing this matter. The defendant is correct that this statement is inaccurate. In fact, Hasan Kurti was intercepted on a judicially-authorized wiretap discussing with another co-defendant the fact that he had obtained a marijuana source of supply from his brother (the defendant). The defendant, however, was never intercepted discussing this matter.

Concerning paragraphs 47 and 81, as discussed above, the government has evidence that Hasan Kurti used the defendant's name to vouch for Enis Djurkovic with a marijuana supplier, but the government would not be in a position to prove that the defendant gave Hasan Kurti permission to use his name. The government agrees with the PSR's characterization of the contact the defendant gave to Hasan Kurti in 2010 as a "marijuana trafficker," given that the entire purpose of putting Hasan Kurti in contact with that person was so that Hasan Kurti could obtain marijuana for distribution.

As to paragraph 143, the government agrees that, under Second Circuit law, the decision whether to impose a sentence consecutively or concurrently is within the discretion of the Court. As per the plea agreement, the government takes no position as to whether the Court should impose a sentence that is consecutive or concurrent.

As to the defendant's objections to paragraph 158, it is true that the government has agreed not to pursue an upward departure. Imposing such a departure, however, is entirely within the discretion of the Court, and it is therefore the Probation Department's independent obligation to inform the Court of its recommendation.

The government has no other objections or proposed corrections to the PSR.

> Respectfully submitted,
>
> LORETTA E. LYNCH
> United States Attorney
> Eastern District of New York
>
> By: _____/s/_____
> Steven L. Tiscione
> Gina M. Parlovecchio
> Assistant United States Attorneys
> (718) 254-6317/6228

cc: Matthew Fishbein, Esq. (by ECF)
    The Honorable Dora L. Irizarry (by Hand and ECF)