

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 25, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    Re:   United States v. Ibrahim Kurti
                          Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

        The government respectfully submits this letter in
anticipation of sentencing in the above-captioned case, which is
scheduled for October 3, 2013.  By letter dated September 19,
2013, the defendant requests a sentence of probation.  For the
reasons set forth below, the government does not oppose the
defendant's request and respectfully requests that the Court
sentence him within the advisory Sentencing Guidelines range of
0 to 6 months' imprisonment.

I.      Background

        In June 2007, agents from the New York Organized Crime
Drug Enforcement Strike Force ("OCDESF") began an investigation
into a large-scale narcotics distribution organization that was
responsible for distributing large quantities of marijuana,
cocaine, MDMA and prescription opiates throughout the United
States, Canada and Europe.  See (Presentence Report ("PSR") ¶¶ 4-
6).

        In approximately 2008, while the defendant was
incarcerated, the defendant's brother, Hasan Kurti, became re-
involved with marijuana distribution after returning from living
in Kosovo.  In connection with his re-involvement, he traveled
to the Akweasasne Native American Reservation with co-
conspirator Enis Djurkovic to meet with a marijuana transporter
who had previously worked with the defendant.  Hasan Kurti
introduced Djurkovic and used the defendant's name to vouch for
Djurkovic to the marijuana transporter.  The government is not

in a position to prove that the defendant gave either Hasan Kurti or Djurkovic permission to use his name.  See (PSR Addendum ¶¶ 47, 81). In approximately 2010, the defendant gave Hasan Kurti a contact in the marijuana trafficking business. Id.

On May 14, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with a misdemeanor conspiracy to possess marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(4) and 844(a).  (PSR ¶ 1).

## II.  Discussion

### A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

B.    The Advisory Guidelines Range Is 0 to 6 Months

The Probation Department has determined that the adjusted offense level is 4, the defendant is in Criminal History Category IV, and the advisory Guidelines sentencing range is 0 to 6 months.  (PSR ¶ 143).  The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0.  Including this reduction, the resulting advisory Guidelines sentencing range remains 0 to 6 months.

C.    A Sentence Within the Guidelines Range Is
      Appropriate in This Case


Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.  A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  While the defendant's conduct in the conspiracy was minor in comparison to most of his co-defendants, it was nonetheless a serious crime.  A sentence within the advisory Guidelines range will serve these important purposes of sentencing.  The government takes no position where within the Guidelines range the sentence should fall.


IV.  Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a).  Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court

should impose a sentence within the advisory Guidelines range of 0 to 6 months, but does not oppose a sentence of probation.

                            Respectfully submitted,

                            LORETTA E. LYNCH
                            United States Attorney
                            Eastern District of New York

By:    /s/
                            Steven L. Tiscione
                            Gina M. Parlovecchio
                            Assistant U.S. Attorney
                            (718) 254-6317/6228

cc:  MaryAnn Betts, U.S. Probation Officer (by E-mail)
     Matthew E. Fishbein, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)